UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11CV202-3-MU

| | |
|---|---|
| JAMES CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JEFF HUNT, District Attorney for the 29th ) | |
| Prosecutorial District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Appointment of Counsel and Defendant's Motion to Dismiss. (Doc. Nos. 8 and 10).

Plaintiff has requested that this Court appoint him counsel to assist him with this case. (Doc. No. 8). The appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself and this case is not complex. Therefore, Plaintiff's motion is DENIED.

Defendant, Jeff Hunt, asks the Court to dismiss Plaintiff's Complaint based on lack of subject matter jurisdiction, the Rooker-Feldman doctrine, the Younger Abstention doctrine, due to Plaintiffs' conclusory allegations, based on the statute of limitations and for lack of personal jurisdiction and insufficient process and service of process.

1

The Court is mindful of the Supreme Court's instruction to liberally construe a pro se complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972). In light of that directive, the Court conducted an initial review of Plaintiff's Complaint and determined that the Plaintiff has stated a claim for relief as to Defendant Hunt based on the Supreme Court case of Skinner v. Switzer, 131 S. Ct. 1289 (2011). (Doc. No. 4). The Skinner Court noted that Skinner's complaint was "not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory." The Court concluded that because Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a plausible short and plain statement of his claim, "Skinner stated his due process claim in a paragraph alleging that the State's refusal 'to release the biological evidence for testing . . . has deprived [him] of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence . . . .'"

In light of the Court's previous determination that Plaintiff stated a claim for relief as to Defendant Hunt based on the Skinner case, this Court denies Defendant's Motion to Dismiss. The Court invites Defendant Hunt to revisit the Skinner case paying close attention to the Court's analysis that there is federal-court subject-matter jurisdiction and that his claim that the State's refusal "to release the biological evidence for testing . . . deprived [him] of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence . . . ." was cognizable under § 1983. Skinner, 131 S. Ct. at 1291. Although Defendant Hunt argues that Plaintiff does not challenge the constitutionality of N.C.G.S. § 15A-269, the Court notes that Plaintiff does challenge that part of the statute that prohibits an appeal of a denial of a motion pursuant to § 15A-269. (Doc. No. 1 at 6, 11). Liberally construing Petitioner's Complaint, this allegation amounts to a challenge to the constitutionality of the statute. This Court

is not suggesting that Plaintiff will ultimately prevail on his claim, only that his Complaint is sufficient to state a claim for relief. The Court will entertain a Motion for Summary Judgment at the appropriate time.

With respect to Defendant's argument that this case should be dismissed because Defendant was not properly served with a copy of the summons and complaint, because service was not sent to the Attorney General, a Deputy or Assistant Attorney General or a designated agent to sue an agency of officer of the State, the docket reflects that the U.S. Marshal served Jeff Hunt, Polk County District Attorney, by certified mail, return receipt requested, on August 19, 2011 and that the return receipt indicated the date of service as August 26, 2011. (Doc. No. 7). To the extent that such service is technically incorrectly, such is not the fault of the Plaintiff as the U.S. Marshal executed service at the direction of the undersigned. The Court will not grant Defendant's Motion to Dismiss on this basis. If Defendant Hunt is still contests service of process in this case, he shall so inform the Court within ten (10 days) of the date of this Order and the Court will direct the Marshal to serve Mr. Hunt via the Attorney General of the State of North Carolina, which the Court notes, would be disingenuous and a waste of resources given that the instant motion was filed on Defendant Hunt's behalf by the Attorney General's Office and Mr. Hunt clearly has notice of the suit. If no such objection is filed within ten (10) days of the date of this Order, Defendant Hunt may not contest service.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel (Doc No. 8) is DENIED;

(2) Defendant's Motion to Dismiss (Doc. No. 10) is DENIED;

(3) To the extent, Defendant Hunt continues to challenge service in this case, he shall so object within ten (10) days of the date of this order. If no such objection is filed within ten (10) days of the date of this Order, Defendant Hunt may not contest service;

(4) Dispositive Motions, if any, shall be filed within ninety (90) days of the date of this Order.

**SO ORDERED**.

Signed: September 28, 2011

Graham C. Mullen
United States District Judge